NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **J & J SPORTS PRODUCTIONS, INC.** <br><br> **Plaintiff,** <br><br> v. <br><br> **ESTEBAN CASTRO and TROLLEY CAR BAR & GRILL CORPORATION d/b/a TROLLEY CAR,** <br><br> **Defendants.** | Docket No.: 14-cv-557 <br><br> **OPINION & ORDER** |

### WILLIAM J. MARTINI, U.S.D.J.:

     Plaintiff brings this action pursuant to the Communication Act of 1934, 47 U.S.C. § 605 and § 553, for unauthorized interception and broadcast of television programming. Plaintiff filed a motion for default judgment pursuant to Federal Rules of Civil Procedure 16(f) and 37, as sanctions for failure to appear in court pursuant to a court order. ECF No. 13. Defendants did not oppose. For the reasons set forth below, the motion is hereby **DENIED**.

     The mere fact of default does not entitle Plaintiff to judgment. To enter a default judgment, the court must first determine whether a sufficient cause of action has been stated, taking as true the factual allegations of the Complaint. *See Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008). Once a cause of action has been established, the district courts must make explicit factual findings as to three factors: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default. *Joe Hand Promotions, Inc. v. Waldron*, CIV. 11-849 RBK/KMW, 2013 WL 1007398, at *4 (D.N.J. Mar. 13, 2013) (*citing Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008);

*Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). Although the facts plead in the Complaint are accepted as true, Plaintiff must prove damages. *See Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir. 1990). Plaintiff's problem here is with the damages element.

Under either Section 553 or Section 605, a private party "aggrieved" by the unauthorized reception of communications may be awarded statutory damages. 47 U.S.C. § 553(c)(3)(A)(ii); 47 U.S.C. § 605(e)(3)(C)(i)(II). Under Section 553, these damages range from $250 to $10,000, while under Section 605, they range from $1,000 to $10,000. *Id.* The court chooses an amount within these ranges that it "considers just" under the circumstances. *Id.* In addition, if the unauthorized reception of the communications was done "willfully and for the purposes of direct or indirect commercial advantage or private financial gain," the court has discretion to award "enhanced damages," increasing the range to $50,000 in the case of Section 553 and $100,000 in the case of Section 605. 47 U.S.C. § 553(c)(3)(B); 47 U.S.C. § 605(e)(3)(C)(ii); *see also Waldron*, 2013 WL 1007398, at *5.

Plaintiff's moving papers request $10,000 to be awarded under Section 605(e)(3)(C)(i)(II) against each Defendant. Plaintiff also requests $15,000 in enhanced damages for a willful violation of 47 U.S.C. § 605(a) against each Defendant. Without the submission of any proofs or argument, however, the court cannot determine whether the requested amount would be just in this case. Therefore,

**IT IS** on this 30th day of October 2014 hereby

**ORDERED** that Plaintiff's motion for default judgment is denied; and it is further

**ORDERED** that Plaintiff shall submit affidavits, proofs, and briefing to prove and justify the requested damages within 60 days of this order.

/s/ William J. Martini
_____
**WILLIAM J. MARTINI, U.S.D.J.**